**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-157 (RHK/FLN) |
| PLAINTIFF, | |
| v. | PRELIMINARY ORDER OF FORFEITURE |
| DANTE KENNETH BENSON-HENRY, | |
| DEFENDANT. | |

_____

Based on the Motion of the United States for a Preliminary Order of Forfeiture; on the Plea Agreement entered into between the United States and Defendant Dante Kenneth Benson-Henry; on the Court having found that a Dan and Wesson Arms revolver, serial number 264002, is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c); and on the Court's determination that, based on the Plea Agreement entered into by the Defendant and based on all of the files and records of this proceeding, the government has established the requisite nexus between the firearm and the offense to which the Defendant has pled guilty,

**IT IS HEREBY ORDERED** that:

1. a Dan and Wesson Arms revolver, serial number 264002, together with any associated ammunition and accessories, is forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c);

2. the Attorney General or his authorized designee may seize

the foregoing firearm and maintain custody and control of the firearm pending the entry of a Final Order of Forfeiture;

3. the United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

4. pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

5. following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

6. the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed.R.Crim.P. 32.2(e).

Dated: August 8, 2008

                                          s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge